# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned On Briefs January 18, 2012

## STATE OF TENNESSEE v. MICHAEL L. WEBSTER

**Appeal from the Criminal Court for Davidson County**
**No. 2009-A-3172    Mark J. Fishburn, Judge**

---

**No.  M2011-00521-CCA-R3-CD - Filed December 5, 2012**

---

The Davidson County Grand Jury indicted Appellant, Michael L. Webster, for one count of first degree premeditated murder.  A jury found Appellant guilty of the lesser included offense of second degree murder.  The trial court sentenced Appellant to twenty-five years at 100% as a Range I, standard offender.  On appeal, Appellant argues that the evidence was insufficient to support his conviction.  The State argues that the trial court erred in determining that Appellant was a Range I, standard offender and should have sentenced him as a Range II, multiple offender based upon prior convictions out of Georgia.  On appeal, we determine that the evidence was sufficient to support his conviction because the jury rejected his claim of self-defense and Appellant was unable to raise reasonable doubt.  We also determine that the trial court correctly determined that Appellant qualified as a Range I, standard offender because his Georgia conviction for burglary was equivalent to a Tennessee conviction for burglary and, therefore, Appellant did not have the requisite amount of the correct classification of prior felonies for him to qualify as a Range II, multiple offender. Therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Dawn Deaner, District Public Defender; Emma Rae Tennent, Assistant Public Defender, (on appeal); Kristen Neff and Katie Weiss, Assistant Public Defenders, (at trial), Nashville, Tennessee, for the appellant, Michael L. Webster.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Sarah Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

On July 30, 2009, officers were called multiple times to a Nashville subsidized housing development at University Court. The call in question was a shooting. When they arrived, officers discovered the victim, Nickalus "Sleepy" Jones, lying on the ground near a Jeep Cherokee. Paramedics were called, but the victim died as a result of the gunshot wound. Officers arrested Appellant on August 2, 2009, and they recovered a weapon and ammunition at the home where Appellant was found.

In November 2009, Appellant was indicted by the Davidson County Grand Jury for one count of first degree murder. The trial court held a jury trial September 13-15, 2010. At trial, multiple witnesses testified that they saw the altercation between Appellant and the victim. The testimony was that Appellant and the victim encountered each other near unit 145A. Appellant asked the victim where his gun was. The victim replied that he did not have a gun and lifted up his shirt to prove it. Witnesses testified that they did not see a gun when the victim lifted up his shirt. The victim begged for his life and told Appellant that he had children. According to witnesses, Appellant shot the victim as the victim was facing him, and when the victim ran away, Appellant chased him and continued to shoot at him.

Officers searched the area near the victim's body. They found a spent bullet in the nearby Jeep Cherokee. They did not find any shell casings or a weapon near the location of the victim's body or on the victim's person. The medical examiner, John Davis, performed an autopsy on the victim's body. He testified that the cause of death was the gunshot wound. He recovered a bullet from the victim's body. Agent Alex Broadhag with the Tennessee Bureau of Investigation ("TBI") ran a ballistics test on the gun found during Appellant's arrest. Agent Broadhag testified that he was "certain" that the bullet that caused the victim's death which was recovered during the autopsy was fired from the gun found during Appellant's arrest.

Appellant testified on his own behalf at trial. He admitted that he was involved in a verbal altercation with the victim. However, he disagreed with the other witnesses' version of events. He stated that when the victim lifted up his shirt, the victim had a gun. Therefore, he presented a defense of self-defense.

At the conclusion of the trial, the jury found Appellant guilty of the lesser included offense of second degree murder. The trial court sentenced Appellant as a Range I, standard offender to twenty-five years of incarceration with a 100% release eligibility.

**ANALYSIS**

**Sufficiency of the Evidence**

Appellant's sole issue on appeal is that the evidence was insufficient to support his conviction because "[t]he evidence was insufficient to negate [his] contention that he acted in justifiable self-defense." The State disagrees.

To begin our analysis, we note that when a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally deemed with a presumption of innocence, the verdict of guilty removes this presumption and replaces it with one of guilt. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997); *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.*

The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990).

The guilt of a defendant, including any fact required to be proved, may be predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *See State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). Even though convictions may be established by different forms of evidence, the standard of review for the sufficiency of that evidence is the same whether the conviction is based upon direct or circumstantial evidence. *See State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011). As such, all reasonable inferences from evidence are to be drawn in favor of

the State.  *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978); *See Tuggle*, 639 S.W.2d at 914.

Appellant argues that the evidence showed that he acted in self-defense.  Tennessee defines self-defense as follows:

(b)(1) Notwithstanding § 39-17-1322, a person who is not engaged in unlawful activity and is in a place where the person has a right to be has no duty to retreat before threatening or using force against another person when and to the degree the person reasonably believes the force is immediately necessary to protect against the other's use or attempted use of unlawful force.

(2) Notwithstanding § 39-17-1322, a person who is not engaged in unlawful activity and is in a place where the person has a right to be has no duty to retreat before threatening or using force intended or likely to cause death or serious bodily injury, if:

(A) The person has a reasonable belief that there is an imminent danger of death or serious bodily injury;

(B) The danger creating the belief of imminent death or serious bodily injury is real, or honestly believed to be real at the time; and

(C) The belief of danger is founded upon reasonable grounds.

T.C.A. § 39-11-611(b) (Supp. 2007).

When a defendant relies upon a theory of self-defense, the State bears the burden of proving that the defendant did not act in self-defense.  *State v. Sims*, 45 S.W.3d 1, 10 (Tenn. 2001).  Further, it is well-settled that whether an individual acted in self-defense is a factual determination to be made by the jury as the sole trier of fact.  *See State v. Goode*, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); *State v. Ivy*, 868 S.W.2d 724, 727 (Tenn. Crim. App. 1993).  "Encompassed within that determination is whether the defendant's belief in imminent danger was reasonable, whether the force used was reasonable, and whether the defendant was without fault."  *State v. Thomas Eugene Lester*, No. 03C01-9702-CR-00069, 1998 WL 334394, at *2 (Tenn. Crim. App., at Knoxville, June 25, 1998), *perm. app. denied*, (Tenn. Feb. 1, 1999) (citing *State v. Renner*, 912 S.W.2d 701, 704 (Tenn. 1995)).  It is within the prerogative of the jury to reject a claim of self-defense.  *See Goode*, 956 S.W.2d at 527.

Upon our review of a jury's rejection of a claim of self-defense, "in order to prevail, the [Appellant] must show that the evidence relative to justification, such as self-defense, raises, as a matter of law, a reasonable doubt as to his conduct being criminal." *State v. Clifton*, 880 S.W.2d 737, 743 (Tenn. Crim. App. 1994).

The State presented four witnesses who testified that they saw Appellant's altercation with the victim. All four witnesses specifically testified that the victim did not have a gun. In addition, law enforcement officers testified that they did not find a weapon on the victim's person or near his body. The sole witness who testified that the victim had a gun was Appellant. As stated above, self-defense is a question of fact to be solved by the jury. *Goode*, 956 S.W.2d at 527. In this case, the jury clearly rejected Appellant's claim of self-defense by finding him guilty of one count of second degree murder. Therefore, as stated above, Appellant must show this Court that the evidence raises a reasonable doubt as to his conduct being criminal. Based on the overwhelming evidence presented by various witnesses that the victim did not have a gun and did not present a threat to Appellant, we conclude that the evidence presented does not raise a reasonable doubt as to the criminality of Appellant's conduct.

Therefore, this issue is without merit.

### Sentencing

The State also presents a cross-claim on appeal. The State argues that the trial court erred in determining that Appellant was a Range I, standard offender because Appellant had three prior Georgia felony convictions that should have qualified Appellant for Range II, multiple offender status. Appellant argues that the trial court properly determined that Appellant qualified as a Range I, standard offender.

"[S]entences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" State v. Susan Renee Bise, No. E2011-00005-SC-R11-CD, 2012 WL 4380564, at *19 (Tenn. 2012). A misapplication of enhancement or mitigating factors will not invalidate a sentence, "[s]o long as there are other reasons consistent with the purposes and principles of sentencing and the sentenced imposed is within the appropriate sentencing range. Id. at *17.

A defendant may be sentenced as a Range II, multiple offender when the trial court finds beyond a reasonable doubt that the defendant has received "[a] minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes." T.C.A. § 40-35-106(a)(1).

Appellant's conviction offenses, second degree murder is a Class A offenses. T.C.A. §
39-13-210(c).

At the sentencing hearing, the State submitted certified copies of judgments of
Appellant's prior Georgia convictions. He was convicted of attempted robbery, robbery,
and burglary. The robbery and attempted robbery convictions would qualify as Tennessee
Class C and D felonies respectively for purposes of determining Appellant's range. Thus,
the Georgia robbery convictions is eligible for range classification in this case. The
conviction at issue in the case at hand, i.e. its appropriate Tennessee classification, is the
Georgia burglary.

At the sentencing hearing, the State argued that Appellant's burglary conviction
was based upon a home invasion. In Georgia, the burglary statute in effect at the time of
Appellant's conviction mirrored Tennessee's statute for aggravated burglary. Therefore,
if the trial court based its determination on the title of the statute, Burglary, the prior
conviction would be the equivalent of a Class D felony. If the trial court based its
determination on the elements of the statute, then the prior conviction would be the
equivalent of a Class C felony, thereby qualifying Appellant as a Range II, multiple
offender. After hearing argument from counsel, the trial court stated that based upon the
plain language in the statute and caselaw, the court concluded that it must rely upon the
title of the statute. Therefore, the prior conviction for burglary out of Georgia would
constitute a Class D felony, and Appellant was sentenced as a Range I, standard offender.

The State argues that the trial court erred in its determination and that the trial
court should have relied upon the elements of the offense. The statute in question states
the following:

> Prior convictions include convictions under the laws of any other state,
> government, or country which, if committed in this state, would have
> constituted an offense cognizable by the laws of this state. In the event that
> a felony from a jurisdiction other than Tennessee *is not a named felony in
> this state*, the elements of the offense shall be used by the Tennessee court
> to determine what classification the offense is given.

T.C.A. § 40-35-106(b)(5) (2006) (emphasis added).

Generally, when construing a statute, every word within the statute is presumed to
"have meaning and purpose and should be given full effect." *State v. Odom*, 928 S.W.2d

18, 29-30 (Tenn. 1996) (quoting *Marsh v. Henderson*, 221 Tenn. 42, 424 S.W.2d 193, 196 (Tenn. 1968)). This Court's primary duty in construing a statute is "to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995); *see also State v. Davis*, 940 S.W.2d 558, 561 (Tenn. 1997). Legislative intent should be gleaned from the "natural and ordinary meaning of the language used, without a forced or subtle construction that would limit or extend the meaning of the language." *Carter v. State*, 952 S.W.2d 417, 419 (Tenn. 1997).

The statute says that the elements of an offense are to be used when the "felony from a jurisdiction other than Tennessee is *not a named felony in this state*." T.C.A. § 40-35-106(b)(5) (emphasis added). Appellant's conviction in question from Georgia is "burglary." As the trial court stated, Tennessee also has a felony entitled "burglary." The natural language of Tennessee Code Annotated section 40-35-106(b)(5) leads us to the conclusion that the only time a court should look at the elements of a felony from another jurisdiction when determining its appropriate Tennessee classification is when the felony in question is not a named felony in Tennessee. Under this interpretation, in the case at hand, the trial court's decision is correct.

This issue has been decided in this manner on at least one previous occasion. When presented with a defendant who had previous convictions for sexual battery, a named felony in Tennessee, and lewd assault, not a named felony in Tennessee, this Court assigned the conviction of sexual battery the same class that sexual battery would have been in Tennessee. *State v. Delbert G. Mosher*, No. 01C01-9807-CC-00320, 1999 WL 820871, at *4 (Tenn. Crim. App. Oct. 13, 1999). This Court did not compare the elements of the crimes of sexual battery in Tennessee and the other state. However, with regard to lewd assault, this Court did compare the elements to determine what the equivalent felony would be in Tennessee. *Id.*

Therefore, we find that the trial court did not err in concluding that Appellant's prior conviction for burglary in Georgia should be considered a burglary conviction in Tennessee for purposes of determining range. Appellant's prior convictions do not qualify him for Range II, multiple offender status.

### CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE